UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ROBERT DAVIS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:11CV30 SNLJ |
|  | ) |  |
| MARK PARKER, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Robert Davis (registration no. 1117368), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $53.02. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $265.08, and an average monthly balance of $123.82. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $53.02, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S.

25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are Mark Parker (Corrections Officer), Paula Phillips (Functional Unit Manager), John Hilpert (Caseworker), Christy Clinton, Unknown Armstrong (Caseworker), and Omer Clark (Assistant Warden). Each defendant works for Missouri Department of Corrections' Southeast Correctional Center (SECC).

Plaintiff alleges that on June 13, 2009, he was attacked by another inmate, Raymond Glass, who struck plaintiff on the head with a wooden walking cane. Immediately after the incident, plaintiff says, an unidentified guard ordered him to submit to wrist restraints. Plaintiff claims that Glass and defendant Parker walked out of the room together.

Plaintiff alleges that Parker gave him a conduct violation for engaging in a physical struggle with another inmate. Parker claimed that plaintiff initiated the struggle by first trying to hit Glass.

Plaintiff says that Hilpert conducted a disciplinary hearing on June 16, 2009, and found plaintiff to be guilty of minor assault. Plaintiff claims that he asked to present evidence at the hearing but was denied. Hilpert ordered that plaintiff spend thirty days in disciplinary segregation.

Plaintiff alleges that he then wrote a letter to the Warden's office, complaining about receiving a false conduct violation and requesting that charges be pressed against Parker and Hilpert. In response, Phillips told plaintiff he could file a grievance through the normal channels. Plaintiff says he was then "'ping-ponged' back and forth by Defd. Clinton and Defd. Armstrong concerning timely filed IRR." Plaintiff maintains that Clinton and Armstrong took too long to respond to his grievances.

Plaintiff alleges that he suffers blurred vision, headaches, and "nerve shattering paranoid episodes" as a result of being struck in the head.

In Count I of the complaint, plaintiff brings a failure-to-protect claim against Parker. In Count II, plaintiff brings a due process claim against Hilpert regarding his placement in disciplinary segregation. In Count III, plaintiff alleges that defendants

Phillips, Clinton, Clark, and Armstrong failed to adequately respond to his grievances.

**Discussion**

Plaintiff sues defendants in both their individual and official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted as to defendants in their official capacities.

For plaintiff to prevail on his Eighth Amendment failure-to-protect claim, he must show: (1) that his continued incarceration with Glass posed a substantial risk of serious harm, and (2) defendants knew of and disregarded an excessive risk to plaintiff's safety. See Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir. 2003). The complaint does not contain any allegations that Parker knew of but deliberately disregarded an excessive risk to plaintiff's safety. As a result, this claim fails to state a claim upon which relief can be granted.

For the Due Process Clause to be implicated regarding an administrative segregation claim, an inmate must be subjected to "atypical and significant hardship

. . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. Id. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); Freitas v. Ault, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention). As a result, this claim fails to state a claim upon which relief can be granted.

"Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). Furthermore, plaintiff's claims that his grievances were

mishandled does not rise to the level of a constitutional violation. As a result, plaintiff's final claim is legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $53.02 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  8th   day of March, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE